## Case No. 12,146.

### RUSSEL v. UNION INS. CO.

[1 Wash. C. C. 409; [1] 4 Dall. 421.]

Circuit Court, D. Pennsylvania. April Term, 1806.

MARINE INSURANCE — INSURABLE INTEREST — INTEREST OF SURETY—FACTOR—ABANDONMENT.

1. Action on a policy of insurance, on the cargo of a vessel, in which the interest of the assured was that of a surety for the payment of the value of the same, in case of its condemnation by a court of appeals in Spain, the cargo having been delivered to him for his indemnity. This is an insurable interest, and may be covered by an insurance on the cargo, without the particular circumstances of the case having been communicated to the underwriters.

[Cited in brief in Hope Mut. Ins. Co. v. Brolaskey, 35 Pa. St. 283.]

2. A factor has an insurable interest in goods, on which he has a lien for advances.

[Cited in Seamans v. Loring, Case No. 12,583; Hancox v. Fishing Ins. Co., Id. 6,013.]

3. The restitution of the property to the original owners, and thus taking it out of the possession of the surety, and depriving him of his means of indemnity, was a loss by one of the perils against which the plaintiff had insured; and he was at liberty to abandon.

[Cited in Excelsior Fire Ins. Co. v. Royal Ins. Co., 55 N. Y. 357.]

4. After a record of the proceedings of a foreign court of admiralty have been read in evidence, without objection, it is too late to object to it in argument.

This was a policy effected by the plaintiff, for all persons interested, on goods on board the Hibberts, at and from Havana to New York, to the amount of ten' thousand dollars. The vessel and cargo were taken by a British ship of war; and it appearing, that the vessel and cargo belonged to British subjects, that they had been captured and carried into the Havana, and there proceeded against, she was ordered to be delivered up to the original owners, on salvage. It appeared, by the record of the proceedings before the admiralty court at Halifax, where this sentence took place; that the vessel and cargo were delivered up, by order of the government, at the Havana, to a Mr. Cruset of that place, on his entering into a stipulation, secured by a mortgage on real property, to the amount 32,000 dollars; to be accountable for that sum, the valued amount of vessel and cargo, in case the vessel and cargo should, upon an appeal to the courts in Spain, be condemned as prize. This appeared, by the papers on board, and was confirmed by the depositions of the captain and mates, found in the Halifax record. The vessel and cargo were consigned to Mr. Henry Hill, of New York, by Mr. Cruset; who took a bill of lading in his own name, with orders to sell, and to retain the amount, to answer for his advances and disbursements in the ship, and for his indemnity against the stipulation, which he (Cruset) had

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

entered into; and he was ordered to insure a certain sum on the vessel, and another sum on the cargo. Mr. Russel, for Mr. Hill, wrote to the president of the Union Insurance Company, to get this effected, and sent him a letter from Cruset, in which he mentioned the circumstance of the capture, and delivery to him, on entering into the stipulation; but did not specify precisely, that it was the special interest he (Cruset) had in the property, which he wished to insure. The defendants agreed to take 10,000 dollars on the cargo. As soon as the plaintiff heard of the capture, he gave notice to the defendants; and on hearing of the sentence, he abandoned. The proceedings were read by plaintiff's counsel, without objection; and the only proof of Cruset's interest, appeared from the documents found on board the vessel, and stated in the record. The action was brought for the benefit of Cruset, to recover the sum subscribed.

It was objected, by Dallas & Tilghman, for the defendants: 1st. That the plaintiff had not an insurable interest. 2d. That if he had, he could not cover it on a policy on the cargo. 3d. That, at any rate, he should have disclosed to the defendants the nature of the interest he meant to insure. 4th. That the sentence being, to restore to the original owners, Cruset's lien was not defeated; but he might still resort to them for reimbursement and indemnification; and therefore, there was not a loss. They also contended, that the record was not proper evidence to prove the interest of Cruset; but he ought to have proved it by depositions, or other evidence.

Rawle & Ingersoll, for the plaintiff, on the 1st point, relied on Park, Ins. 9, 12, 13, 270. A factor, having a lien on goods, may cover it under a policy on the cargo. The only instances, where the particular interest must be mentioned, are bottomry and respondentia. An expectation of profit may be insured. Grant v. Parkinson, 1 Marsh. Ins. 111. 3d. That the letter from Cruset, stating his engagement on account of this vessel and cargo, and the stipulation which he had entered into, which was shown to the defendants; was a sufficient disclosure of the interest he meant to insure. 4th. That the loss of the possession by capture, was a loss within the policy. As to the proof of interest, it was contended, that the record having been read without opposition, it was to be considered as evidence.

Ingersoll & Rawle, for plaintiff.
E. Tilghman & Daller, for defendants.

WASHINGTON, Circuit Justice (charging jury). The record of the proceedings in the court of admiralty, having been read without opposition, it is too late to object to it in the argument. Many inconveniences might happen, if the rule were otherwise. The party might be surprised, and lose the opportunity of supplying it by better evidence, if the ob-

on had been made in time. From this rd it appears, upon the papers found on d of this vessel, and which are copied the record, that this vessel and cargo nally belonged to British subjects. That was captured by a French privateer, ght into the Havana, and there proceed-gainst; but on what ground, does not ar. That, to avoid the expense to the ors of keeping her there, and the injury ne owners, an order was obtained from government, to deliver her to a Mr. Fra-on security, to abide the event of a final sion of the cause in Spain; and in case ondemnation, to pay the sum of 32,000 rs, at which the whole was valued. Mr. et being applied to, he gave the security, took from the mate, (the captain having the vessel,) a bill of lading in his own e. That this bill of lading was endorsed ruset, to Mr. Hill of New-York, with or-to sell the vessel and cargo, and to re-the proceeds, to reimburse and indem-Cruset. This evidence proves the inter-f Cruset; and the first question is, wheth-was an insurable interest, or not? It is r, that a factor, who has a lien on goods is possession, has an insurable interest. lso appears, that even in England, where er policies are prohibited, that an ex-ed profit may be insured on a valued poli-So the captors of a vessel, who depend . grant of the prize from the crown, have i an expected interest, that they may in-it: a fortiori, may a special interest, like present, be insured here; where there is aw which prohibits wager policies. The on why, in almost every case, the as-d is required to prove an interest, arises i the forms of policies, which are gen-y upon interest, as it may appear. Cru-nad complete possession of this property, had a right to retain it, until he was re-d from his engagements on account of Whether he might ever be called upon, onsequence of the stipulation he had en-l into, was not more uncertain, than was interest of the assured, in the cases cited. he certainly had an interest in the prop-insured, until he was discharged or in-nified.

. The court is of opinion, that this inter-might be covered under a policy on the o.

. The interest which Cruset had, was a on this property in his possession, and ch was to be sold for his indemnity. The insured against, was a loss of this proper-and the means of his indemnity. This has actually happened by one of the per-nsured against, though the property is re-ed to the original owners; and though loss may not be total in its nature, if the ence and restitution should not destroy lien, yet it is such a loss as the assured nt, by abandonment, throw upon the un-vriters.

rdict for plaintiff.

[For hearing on a motion for a new trial, see Case No. 12,147.]

NOTE. The averment of interest in the assured, may be either general or special. Under the former, the plaintiff may give evidence of any interest he may have. It is sufficient not only as to the title or claim of the assured; but also as to the quantum of interest. 2 Marsh. Ins. 509. In a policy on goods generally, the insured may give, as evidence of his interest, a mortgage or special lien. But, bottomry and respondentia, cannot be insured as goods. Id. 613.